**UNITED STATES of America, Plaintiff,**

**v.**

**1.09 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF COLLIER, STATE OF FLORIDA; and James Haskins, et al., and Unknown Owners, 1.16 Acres of Land, More or Less, in the County of Collier, State of Florida, and Thomas C. Edwards, et al., and Unknown Owners, Defendants.**

Nos. 77–3704–Civ, 77–4560–Civ.

United States District Court, S.D. Florida, Miami Division.

Jan. 15, 1987.

Peter Koste, Office of U.S. Atty., Miami, Fla., for plaintiff.

Mark S. Ulmer, Ft. Lauderdale, Fla., for defendants.

## ORDER ON DEFENDANTS' OBJECTIONS TO SUPPLEMENTAL REPORT OF THE UNITED STATES LAND COMMISSION

ARONOVITZ, District Judge.

THIS CAUSE having come before the Court upon Defendants' Objections to the Supplemental Report of the United States Land Commission filed October 16, 1986, and the Court having considered said Objections, responses thereto, pertinent portions of the record herein and before the United States Land Commission as provided by both parties, entertained arguments of counsel, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that this cause is hereby REMANDED to the United States Land Commission for further proceedings consistent with this Order.

These two actions, originally filed in 1977, were tried before a Commission empaneled by the Court pursuant to Rule 71A(h), Federal Rules of Civil Procedure, as to the issue of just compensation to be paid for the taking of these two parcels through the power of eminent domain by the United States for the Big Cypress National Preserve. The trial took place on July 15, 1985. At the time of the trial, Tract 649–16 was the subject of a pending Variance Petition before the Collier County Board of Commissioners sitting as the Zoning Appeals Board. One of the main issues at the trial was what effect, if any, the variance would have as to the highest and best use of the property and, thus, valuation were it passed.

The Commission ultimately found that "there is no guarantee that anyone, including the present owner, could get the Board of County Commission of Collier County to ... permit a single building site on Tract 649–16 or permit a similar use on Tract 404–53." Final Report of United States Land Commissioners dated September 11, 1985 at page 11. Based on this conclusion, the Land Commission ignored the potential for any use of the property for building purposes and accepted the government's position on valuation, valuing Tract No.

404–53 at \$11,100 and Tract No. 649–16 at \$3,500. Final Report of United States Land Commissioners dated September 11, 1985 at page 13.

Subsequent to the trial, but prior to the issuance of the Final Report by the Land Commission, the Collier County Commission passed Resolution No. 85–167 which granted the variance for building purposes. The Land Commission refused the Defendant/Landowner's motion to reopen the evidence to consider the granting of the variance. Objections were filed by the Defendant to this Court on the procedural ground that the Land Commission's refusal to reopen the proceedings flew in the face of the case of *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984), wherein the Supreme Court held that where the value of land changes materially between the date of valuation and the date judgment is paid, some procedure for modifying the condemnation award is required. *Id.* at 2198–2199.

This Court agreed and on the basis of *Kirby*, by Order dated February 18, 1986, this cause was remanded to the Land Commission for the purpose of adducing testimony as to the effect of Resolution No. 85–167 on the valuations. Within that Order, the Court stated it was expressing no opinion as to whether or not this "newly discovered evidence" was tainted with project influence, an argument previously raised by the government and again raised in its Response to Defendant's Objections to the Land Commission's Supplemental Report.

After conducting a hearing, the Land Commission filed its Supplemental Report on October 16, 1986 concluding that "Resolution 85–167 is tainted with project influence and as such as [sic] no relevancy to these proceedings. As such the Land Commission's finding of value contained in its Report of September 11, 1985 ... remains unchanged." Supplemental Report of the United States Land Commission filed October 16, 1986 at p. 2.

The Land Commission's findings must be accepted by this Court unless they are clearly erroneous. Fed.R.Civ.P. 71A(h), incorporating by reference Rule 53(e)(2); *United States v. Merz*, 376 U.S. 192, 198, 84 S.Ct. 639, 643, 11 L.Ed.2d 629 (1968). Reading the Land Commission's Supplemental Report *in pari materia* with its Final Report, it is apparent that the Land Commission has made no findings of fact that would be helpful to an appellate court in applying a clearly erroneous standard. Absent specific findings of fact by the Land Commission and after considering portions of the record before the Commission as submitted by both parties and entertaining arguments of counsel, this Court holds that the Land Commission's conclusion that Resolution 85–167 is tainted with project influence and is, therefore, irrelevant for valuation purposes, is clearly erroneous.

The project influence doctrine or "scope of the project rule" is meant to ensure that the condemnee does not benefit from the enhanced value of his property due to the nearby government project. *United States v. Miller*, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *United States v. 320 Acres*, 605 F.2d 762, 786 (5th Cir.1979). In this case, despite the government's reference to the "scope of the project rule" within its memorandum of law, the United States is not claiming that the Land Commission *overvalued* these tracts because of the public project for which they are being acquired.*

In this case, as in *Kirby*, the landowner is claiming that the tracts may have been *undervalued* because of a material change in circumstance that occurred between the date of valuation and the date of payment. The Supreme Court has directed that lower courts ensure "that the compensation paid the owner of condemned land does not fall substantially below the fair market value of the property on the date of the taking." *Kirby Forest Industries, Inc. v. United*

---

* In fact, at oral argument, the government conceded the inapplicability of the project influence doctrine or "scope of the project rule."

*States,* 467 U.S. 1, n. 30, 104 S.Ct. 2187, 2199 n. 30, 81 L.Ed.2d 1 (1984).

The Land Commission is, therefore, directed to reopen the trial of this matter, taking such further evidence as is necessary to value the best and highest use of the property based on Collier County Resolution 85–167 as it applies to either or both properties, as the case may be.

While the Court is not necessarily recommending that it be done, the parties may want to consider submitting fresh appraisal testimony as to valuation in order to supplement the already existing record.**

** This suggestion is, of course, not meant to demean the current appraisals in any way.